Case 4:23-cv-03897   Document 13   Filed on 03/12/24 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
March 12, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JHUNN VELASCO, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-03897 |
| § | |
| AMAZON.COM SERVICES, LLC, *et al.* § | |
| § | |
| Defendant. § | |

## ORDER

Pending before the Court is Plaintiff Jhunn Velasco's ("Velasco") Motion to Remand. (Doc. No. 6). Defendant Amazon.com Services, LLC ("Amazon" or "Defendant") responded. (Doc. No. 8). Also pending before the Court is Plaintiff's Motion for Leave to File First Amended Petition. (Doc. No. 5). After considering the motion and the law, the Court hereby **DENIES** Plaintiff's Motion for Leave to File First Amended Petition (Doc. No. 5) and **DENIES** Plaintiff's Motion to Remand. (Doc. No. 6).

## BACKGROUND

Velasco originally filed this action in the 281st District Court of Harris County, Texas, alleging that he was injured after a Wheelspeed WS1Pro Electric Scooter that he purchased on Amazon malfunctioned. In his Original Petition, Plaintiff asserts a claim for monetary relief of "over $250,000 but not more than $1,000,000." (Doc. No. 1-3 at 2). Amazon removed to this Court on October 13, 2023 on the basis of diversity jurisdiction. On October 18, 2023, Plaintiff filed a motion to file a First Amended Petition purporting to "correct the amount of damages, which affects the subject matter jurisdiction this Court has over the above entitled and numbered cause." (Doc. No. 5 at 1). Plaintiff then filed a Motion to Remand, stating that "The First Amended Petition amended the amount in controversy and stipulated that Plaintiff is only asserting and can only

1

collect on damages less than $75,000." As a result, Plaintiff argues that this Court lacks subject matter jurisdiction because the amount in controversy is less than $75,000.

The parties do not dispute that the complete diversity requirement is met in this case. As a result, this Court must only determine whether the amount in controversy exceeds $75,000 in deciding whether federal subject matter jurisdiction exists pursuant to § 28 U.S.C. 1332(a).

## LEGAL STANDARD

Federal courts have limited jurisdiction, so any doubts as to whether federal jurisdiction is proper are resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, the removing party bears the burden of establishing that a state-court suit is removable to federal court. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995). When evaluating a motion to remand, all factual allegations are considered in the light most favorable to the plaintiff, and any contested fact issues are resolved in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). Any doubts about the propriety of removal are to be resolved in favor of remand. *Acuna*, 200 F.3d at 339. "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

A defendant may typically remove a civil action filed in state court to federal court if the federal court would have had original subject matter jurisdiction over the case. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over civil actions when the matter is between citizens of different states and when the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a)(1). When a defendant desires to remove a case to federal court, he is required to file a notice of removal in the federal district court for the district and division

within which the state court action is pending. 28 U.S.C. § 1446(a). The notice of removal must contain a "short and plain statement of the ground for removal, together with a copy of all process, pleadings, and orders" from the state court. *Id.*

## ANALYSIS

Defendants bear the burden of proving that the amount in controversy exceeds $75,000, by a preponderance of the evidence, at the time the action is removed. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882–83 (5th Cir. 2000). Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 § 1446(c)(2). "The defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount." *Id.* Once removal jurisdiction attaches, the ***subsequent amendment of the complaint reducing the amount in controversy to less than the required amount cannot divest jurisdiction***. *Id.* at 883 (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995)) (emphasis added). Indeed, "the jurisdictional facts that support removal must be judged at the time of removal." *Id.* The Fifth Circuit has held that "while post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal." *Id.*

Here, Plaintiff attempts to amend his complaint to reduce the amount in controversy under the jurisdictional minimum. Nonetheless, it is "facially apparent" from the Original Petition at the time of removal that the amount in controversy exceeded $75,000. (Doc. No. 1-3 at 2). Indeed, although Plaintiff cites to *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995), that case works against him: there, the Fifth Circuit held that "litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case,

*St. Paul* makes later filings irrelevant." (citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992)). This Court finds that Defendant has met its burden to show, by a preponderance of the evidence, that the amount in controversy exceeded the jurisdictional minimum at the time of removal.

Following clear Fifth Circuit precedent on this issue, the Court hereby **DENIES** Plaintiff's Motion for Leave to File First Amended Petition (Doc. No. 5) and **DENIES** Plaintiff's Motion to Remand. (Doc. No. 6).

Signed at Houston, Texas, on this the 8th day of March, 2024.

Andrew S. Hanen
United States District Judge